IN THE FEDERAL DISTRICT OF EASTERN DISTRICT OF OKLAHOMA

FILED
JAN 30 2026
BONNIE HACKLER
Clerk, U.S. District Court
By
Deputy Clerk

MEGAN DODD,

Plaintiff,

v.

Case No. CIV-26-28-GLJ

HASKELL COUNTY, OKLAHOMA;

HASKELL COUNTY SHERIFF'S DEPARTMENT;

SEQUOYAH COUNTY DEPARTMENT OF HUMAN SERVICES;

JUDGE HENDERSON, in his individual and official capacities;

JUDGE SULLIVAN, in his individual and official capacities;

DISTRICT ATTORNEY GREEN, in his individual and official capacities;

DISTRICT ATTORNEY SULLIVAN, in his individual and official capacities;

JENNIFER DODD;

RANDY RICHMAN;

KEITH NOLEN;

JOEY BRAY;

and DOES 1-25,

Defendants.

Civil Action No.

COMPLAINT FOR:

- Violations of 42 U.S.C. § 1983
- Retaliation for Exercise of Constitutional Rights

- Conspiracy to Deprive Civil Rights (42 U.S.C. § 1985)
- Civil RICO (18 U.S.C. §§ 1962(c) & (d))
- Municipal Liability (Monell)
- Temporary Restraining Order & Injunctive Relief (Rule 65)
- Writ of Mandamus / Mandatory Injunction (28 U.S.C. § 1651)

JURY TRIAL DEMANDED

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. §§ 1961-1964.

2. This Court has authority to issue injunctive, declaratory, and mandamus relief under 28 U.S.C. §§ 1651, 2201-2202 and Fed. R. Civ. P. 65.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the acts complained of occurred in Haskell County and Sequoyah County, Oklahoma, and Defendants reside or operate here.

II. PARTIES

4. Plaintiff Megan Dodd is an Oklahoma resident and the natural parent of a minor child R.E.

5. Haskell County and the Haskell County Sheriff's Department are municipal entities responsible for law enforcement policies and customs.

6. Sequoyah County DHS is a state agency acting under color of state law in child welfare matters.

7. Judge Henderson and Judge Sullivan are sued in their individual capacities for non-judicial, administrative, and conspiratorial acts taken in the clear absence of jurisdiction, and in their official capacities for declaratory and injunctive relief.

8. District Attorney Green and District Attorney Sullivan acted under

color of state law and knowingly ratified or failed to prevent unconstitutional conduct.

9. Jennifer Dodd, Randy Richman, Keith Nolen, are private individuals who acted jointly with state actors and under color of law.

10. Does 1-25 are unknown co-conspirators.

## III. PENDING FEDERAL LAWSUIT & RETALIATORY MOTIVE

11. At all relevant times, Plaintiff had a pending federal civil rights lawsuit in this District.

12. Defendants knew or reasonably should have known of the pending federal action, which Plaintiff referenced directly and which was a matter of public record.

13. The actions complained of occurred after the filing of Plaintiff's federal lawsuit and were undertaken in retaliation for Plaintiff's exercise of her constitutional right to access the courts.

## IV. FACTUAL ALLEGATIONS

14. Defendants engaged in a coordinated course of conduct to retaliate against Plaintiff, interfere with her parental rights, obstruct court access, and shield Defendants from liability.

15. Law enforcement officers threatened Plaintiff with arrest, ignored valid court orders, physically prevented her from retrieving property, and mischaracterized constitutional violations as "civil matters."

16. DHS participated in or facilitated actions affecting Plaintiff's parental rights without lawful authority or due process.

17. Judges Henderson and Sullivan engaged in non-judicial and administrative acts, enabling or enforcing actions taken without jurisdiction and outside constitutional limits.

18. Prosecutors Green and Sullivan knew of these actions and failed to intervene, ratifying the misconduct.

19. Private Defendants knowingly supplied false information, coordinated with officials, and benefited from the unlawful seizure and continued withholding of Plaintiff's child.

20. Plaintiff and her child have suffered ongoing emotional, constitutional, and financial harm.

## V. RETALIATION (FIRST & FOURTEENTH AMENDMENTS)

21. Plaintiff engaged in protected activity by filing and prosecuting a federal lawsuit.

22. Defendants retaliated by intimidation, threats of arrest, obstruction of custody and property rights, and coordinated adverse governmental action.

23. These actions would chill a person of ordinary firmness and lacked legitimate governmental purpose.

## VI. CIVIL RICO (18 U.S.C. §§ 1962(c) & (d))

### Enterprise

24. Defendants formed an association-in-fact enterprise consisting of judges, prosecutors, law enforcement, DHS, and private actors.

25. The enterprise had a common purpose, relationships, and longevity.

### Predicate Acts

26. Defendants engaged in a pattern of racketeering activity, including:

- Obstruction of justice (18 U.S.C. §§ 1503, 1512);
- Retaliation and intimidation (18 U.S.C. § 1513);

- Mail and wire fraud (18 U.S.C. §§ 1341, 1343);
- Extortion under color of official right (18 U.S.C. § 1951);
- Deprivation of rights under color of law (18 U.S.C. § 242).

27. Defendants conspired to commit these acts in violation of § 1962(d).

## VII. CLAIMS FOR RELIEF

- Count I – § 1983 (Fourth & Fourteenth Amendments)
- Count II – Retaliation (§ 1983)
- Count III – Conspiracy (§ 1985)
- Count IV – Monell Liability
- Count V – Civil RICO
- Count VI – Declaratory & Injunctive Relief

## VIII. EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

(Fed. R. Civ. P. 65)

28. Plaintiff seeks an immediate Temporary Restraining Order against all Defendants.

29. Plaintiff is likely to succeed on the merits; the child's continued unlawful separation constitutes irreparable harm; equities favor Plaintiff; and the public interest supports intervention.

30. Plaintiff requests an order restraining Defendants from:

- Interfering with Plaintiff's parental rights;

- Harassing, arresting, or intimidating Plaintiff;
- Enforcing orders issued without jurisdiction;
- Concealing, transferring, or restricting access to the child;
- Retaliating for federal litigation.

## IX. WRIT OF MANDAMUS / MANDATORY INJUNCTION

(28 U.S.C. § 1651)

31. Plaintiff seeks a Writ of Mandamus and/or mandatory injunctive relief compelling Defendants to immediately locate, recover, and return the minor child.

32. Plaintiff has a clear right to custody absent lawful process; Defendants have a clear duty to refrain from unlawful seizure; and no other adequate remedy exists.

33. Plaintiff requests an order:

- Requiring disclosure of the child's location;
- Ordering immediate recovery and return of the child to Plaintiff;
- Directing law enforcement assistance in enforcement;
- Retaining jurisdiction to ensure compliance.

## X. DAMAGES & RELIEF

Plaintiff respectfully requests:

A. Declaratory judgment that Defendants violated Plaintiff's rights;

B. Temporary, preliminary, and permanent injunctive relief;

C. Issuance of a TRO and Writ of Mandamus;

D. Compensatory damages;

E. Punitive damages;

F. Treble damages under RICO;

G. Costs and attorney's fees under § 1988 and § 1964;

H. Any further relief the Court deems just.

XI. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Respectfully submitted,

Megan Dodd 1·30·26

Megan Dodd

Plaintiff, Pro Se

Meganashley918@gmail.com